**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**<br>**231 ST. ASAPH'S ROAD, SUITE 100**<br>**BALA CYNWYD, PA 19004-0950**<br><br>   **Plaintiff**<br>   v.<br><br>**RESETARITS CONSTRUCTION CORPORATION**<br>**1500 UNION ROAD, SUITE 100**<br>**WEST SENECA, NY 14224**<br><br>   **and**<br><br>**BIRTHMARK FIRE PROTECTION, LLC**<br>**20 GRAFTON STREET**<br>**HARTFORD, CT 06106**<br><br>   **Defendants** | **CIVIL ACTION**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC" or "Plaintiff"), by and through its undersigned counsel, demands judgment against the Defendants, Resetarits Construction Corporation and Birthmark Fire Protection, LLC (collectively, "Defendants"), and complains against them as follows:

## PARTIES

1.     PIIC is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 231 St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the State of Connecticut.

2.     At all times relevant hereto, PIIC provided property insurance to Hamden Specialty Housing, LLC ("Hamden") in connection with its property located at 417 Hamden

Street, Hamden, CT (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3.      In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), PIIC became subrogated to certain recovery rights and interests of Hamden for monies paid thereunder, including the claims giving rise to this action.

4.      Defendant, Resetarits Construction Corporation ("Resetarits"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1500 Union Road, Suite 100, West Seneca, NY 14224. At all times relevant hereto, Resetarits was duly authorized to engage in business in the State of Connecticut.

5.      At all times relevant hereto, Resetarits was engaged in the business of, *inter alia*, general contracting, and was the general contractor retained to build the subject property.

6.      Defendant, Birthmark Fire Protection, LLC ("Birthmark") is a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business located at 20 Grafton Street, Hartford, CT 06106.  Upon information and belief, the sole member of Birthmark is DeWayne Smith-Peterkin, a Connecticut citizen residing at 399 Ledyard Street, Hartford, CT 06114.

7.      At all times relevant hereto, Birthmark was engaged in the business of, *inter alia*, installing sprinkler systems, and did install the sprinkler system at the subject property.

## JURISDICTION AND VENUE

8.      Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2

9.      Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

1-9.    Plaintiff incorporates by referencing the preceding averments as though set forth at length herein.

10.     Prior to March 29, 2020, Hamden retained Resetarits as the general contractor to construct the subject property.

11.     Prior to March 29, 2020, Hamden and/or Resetarits retained Birthmark to install the sprinkler system at the subject property.

12.     On or about March 29, 2020, water damage occurred at the subject property due to a CPVC sprinkler pipe being installed and then immersed in expandable plastic foam insulation that caused the pipe to crack.

13.     As a direct result of the water damage, Hamden sustained extensive and severe damage to its real and personal property.  PIIC became subrogated to the rights, claims and interests of Hamden for any monies paid thereunder, including the claims giving rise to this action.

14.     The damages sustained by Hamden and, therefore, Plaintiff are the direct and proximate result of the negligent conduct of Defendants.

## FIRST COUNT – NEGLIGENCE
## PLAINTIFF v. RESETARITS CONSTRUCTION CORPORATION

1-14.   Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

15.     Resetarits owed Hamden a duty of care to, *inter alia*, properly design, construct and/or insulate the areas around the sprinkler system at the subject property.

3

16.     The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Resetarits including negligent acts and/or omissions of Resetarits as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

(a) failing to exercise reasonable care in the performance of duties in the design, construction and/or insulation of the areas around the sprinkler system at the subject property, including, but not limited to, carelessly and negligently performing the following:

(1) failing to competently design, construct and/or insulate the areas around the sprinkler system at the subject property in a safe and appropriate manner in order to properly protect the subject sprinkler pipe from cracking;

(2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the design, construction and/or insulation of the areas around the sprinkler system at the subject property manner in order to properly protect the subject sprinkler pipe from cracking; and/or

(3) failing to properly monitor the work of all agents and/or employees during the design, construction and/or insulation of the areas around the sprinkler system to ensure compliance with applicable safety procedures manner in order to properly protect the subject sprinkler pipe from cracking;

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Hamden and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

17.     As a direct and proximate result of such conduct, Hamden sustained and incurred damage to real and personal property in an amount in excess of $75,000.00.  As set forth above, Plaintiff is subrogated to Hamden's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SECOND COUNT – BREACH OF IMPLIED WARRANTIES
## PLAINTIFF v. RESETARITS CONSTRUCTION CORPORATION

1-17.   Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

18.     In furtherance of the aforementioned services performed, Resetarits had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

19.     Based upon the aforementioned improper conduct on the part of Resetarits, personally and through servants, employees, and/or agents as set forth above, Resetarits breached these warranties.

20.     Hamden and Plaintiff have performed all conditions precedent to recover based upon such breaches.

21.     As a result of the damages directly and proximately caused by said breach(es) of Resetarits, Hamden sustained and incurred damage to real and personal property in an amount in excess of $75,000.00.  As set forth above, Plaintiff is subrogated to Hamden's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**THIRD COUNT – NEGLIGENCE**
**PLAINTIFF v. BIRTHMARK FIRE PROTECTION, LLC**

1-21.   Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

22.   Birthmark owed Hamden a duty of care to, *inter alia*, properly design, construct and/or insulate the areas around the sprinkler system at the subject property.

23.   The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Birthmark including negligent acts and/or omissions of Birthmark as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

      (a)   failing to exercise reasonable care in the performance of duties in the design, construction and/or insulation of the areas around the sprinkler system at the subject property, including, but not limited to, carelessly and negligently performing the following:

            (1)   failing to competently design, construct and/or insulate the areas around the sprinkler system at the subject property in a safe and appropriate manner in order to properly protect the subject sprinkler pipe from cracking;

            (2)   failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the design, construction and/or insulation of the areas around the sprinkler system at the subject property manner in order to properly protect the subject sprinkler pipe from cracking; and/or

            (3)   failing to properly monitor the work of all agents and/or employees during the design, construction and/or insulation of the areas around the sprinkler system to ensure compliance

6

with applicable safety procedures manner in order to properly protect the subject sprinkler pipe from cracking;

(b)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c)    failing to adequately warn Hamden and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

28.    As a direct and proximate result of such conduct, Hamden sustained and incurred damage to real and personal property in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Hamden's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## FOURTH COUNT – BREACH OF IMPLIED WARRANTIES
## PLAINTIFF v. BIRTHMARK FIRE PROTECTION, LLC

1-24.    Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

25.    In furtherance of the aforementioned services performed, Birthmark had impliedly warranted that all work performed would be done in a reasonable workman like manner, and/or with quality workmanship.

26.    Based upon the aforementioned improper conduct on the part of Birthmark, personally and through servants, employees, and/or agents as set forth above, Birthmark breached these warranties.

27.    Hamden and Plaintiff have performed all condition precent to recover based upon such breaches.

28.    As a result of the damages directly and proximately caused by said breach(es) of Bir thmark, Hamden sustained and incurred damage to real and personal property in an amount in excess of $75,000.00.  As set forth above, Plaintiff is subrogated to Hamden's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

By: s/  Derek E. Donnelly ct28922
Derek E. Donnelly, Esq.
Blackburn & Donnelly, LLC
2 Concorde Way #3C
PO Box 608
Windsor Locks, CT 06096
860.292.1116
860.292.1221
dd@sgblackburn.com

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Philadelphia Indemnity Insurance Company

**DEFENDANTS**
Restarus Construction Corporation
Birthmark Fire Protection, LLC

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Erie
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek E. Donnelly, Esq. Blackburn & Donnelly, LLC.
2 Concorde Way, Suite 3C, P.O. Box 608
Windsor Locks, CT 06096

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - Medical Malpractice / Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | Exchange |
| | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 1332pd
Brief description of cause:
Expandable plastic foam insulation installed and caused pipe to crack creating water damage at subject property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.     DEMAND $   
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/13/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.