UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>            Plaintiff<br><br>v.<br><br><br>RESETARITS CONSTRUCTION CORPORATION AND BIRTHMARK FIRE PROTECTION, LLC<br>            Defendants | Case No. 3:20-CV-01547-JBA<br><br><br><br><br><br>JUNE 24, 2021 |

## CROSS COMPLAINT

As and for its Cross Complaint ("Cross Complaint"), Crossclaimant, Resetarits Construction Corporation ("RCC"), acting in accordance with Fed. R. Civ. P. 14(a), without admitting liability of claims as alleged against it as a defendant in the June 10, 2021 Amended Complaint (CM/ECF No. 56) filed by the Plaintiff, Philadelphia Indemnity Insurance Company, alleges as follows:

### INTRODUCTION

1. The Plaintiff, Philadelphia Indemnity Insurance Company ("Plaintiff" or "Philadelphia"), filed a June 10, 2021 Amended Complaint (CM/ECF No. 56) ("Complaint"). A true and correct copy of said Complaint is annexed hereto as Exhibit A.

### PARTIES

2. Philadelphia is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 231

1

St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004.

3. RCC is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1500 Union Road, Suite 100, West Seneca, NY 14224. RCC is therefore a citizen of the State of New York. At all times relevant hereto, RCC was duly authorized to engage in business in the state of Connecticut.

4. Upon information and belief, Third-Party Defendant, Anchor Insulation ("Anchor") is a corporation with a principal place of business located at 43 Wisconsin Ave, Norwich, CT 06360. Anchor is therefore a citizen of the State of Connecticut.

**BACKGROUND**

5. The Plaintiff alleges the following in its Complaint:

    a. That at all times relevant, Philadelphia provided property insurance in connection with the property at issue in the Plaintiff's Complaint, owned by Hamden Specialty Housing, LLC ("Hamden"), located at 417 Hamden Street, Hamden, CT (the "subject property"), and said insurance policy was in full force and effect on all relevant dates and relevant times addressed in the Plaintiff's Complaint. Plaintiff's Complaint (Exhibit A), (CM/ECF No. 56), at ¶ 2.

    b. That Hamden made a claim on its Philadelphia policy and Philadelphia became subrogated to certain recovery rights and interests of Hamden for monies paid thereunder. *Id*. at ¶ 3.

6. The Plaintiff also alleges the following in its Complaint:

    a. That prior to March 29, 2020, Hamden retained Resetarits as the general

contractor to construct the subject property. *Id*. at ¶ 15.

b. That on or about March 29, 2020, water damage occurred at the subject property, allegedly as a result of a CPVC sprinkler pipe's installation within insulation causing said pipe to crack. *Id.* at ¶ 18.

c. That the damages it alleges Hamden sustained were the direct and proximate result of the negligent conduct of RCC and the other defendants to the subject underlying action. *Id*. at ¶ 20.

7. In the Plaintiff's Complaint, it alleges two causes of action against Resetarits – Count One, sounding in negligence, and Count Two sounding in breach of implied warranty.

8. In Count One, the Plaintiff further claims:

a. That RCC breached its duty to perform its work in a reasonably workman-liked manner/with quality workmanship. *Id*. at ¶ 23.

b. That RCC owed Hamden a duty of care to properly design, construct and/or insulate the areas around the subject sprinkler pipe and that the subject damages alleged resulted from RCC's negligence and/or carelessness in its performance of the same. *Id*. at ¶¶ 22, 23.

c. That RCC was negligent in training, monitoring, hiring and supervising its agents and/or employees. *Id.* at ¶ 23.

d. That RCC was negligent in that it violated unenumerated statutes, codes, "rules" and the like (presumably through a negligence per se theory of liability). *Id*. at ¶ 23. And,

e. That RCC was negligent in failing to warn Hamden of the dangers resulting from their negligence. *Id*. at ¶ 23

9. In Count Two, the Plaintiff further alleges the following:

    a. That "Resetarits had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship." *Id*. at ¶26.

    b. "Based upon the aforementioned improper conduct on the part of Resetarits, personally and through [its agents] … Resetarits breached these warranties…" *Id*. at ¶ 27.

10. As a result, the Plaintiff claims damages exceeding $75,000.00. *Id*. at ¶¶ 24, 29.

11. Prior to March 29, 2020, Hamden retained RCC as the general contractor to construct the subject property. *Id*. at ¶ 15.

12. Prior to March 29, 2020, RCC entered into two contractual agreements with Do-All pursuant to which Do-All was to furnish labor and materials including, but not necessarily limited to construct and/or insulation of the subject premises.

13. Upon information and belief, prior to March 29, 2020, Do-All entered into a subcontract with Anchor pursuant to which Anchor was to furnish labor and materials including, but not necessarily limited to construction and/or insulation of the subject premises.

## JURISDICTION AND VENUE

14. This Court has diversity jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, while the Plaintiff's claims are disputed, they have alleged that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Id*. at ¶¶12, 24, 29.

15. This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367 as said claims of RCC are so related to the claims over which this Court has original jurisdiction that the claims form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in the District Court of Connecticut pursuant to 28 U.S.C. §1391(b)(2) in that the events giving rise to this claim occurred within this district.

<strong>COUNT ONE – COMMON LAW INDEMNITY</strong>

1-16.  RCC repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if the same were set forth fully herein.

17. RCC denies it was negligent with respect to the facts and circumstances alleged in the Plaintiff's Complaint, but if it is determined that there was negligence, then it was the negligence and carelessness of Anchor, its agents, servants, employees, contractors and/or officials in that they:

   a. Failed to properly construct of the subject premises;

   b. Failed to properly select and/or utilize building materials in construction of the subject premises;

   c. Failed to properly install insulation at the subject premises;

   d. Failed to properly place insulation within the subject premises;

   e. Failed to use due care to prevent defects in their construction of the subject premises;

   f. Failed to use and/or hire individuals with the requisite skills necessary to properly construct and/or insulate the subject premises;

    g. Failed to use due care to prevent defects in construction of the subject premises;

    h. Failed to properly warn individuals and/or entities including RCC, Hamden, Philadelphia, and residents of the subject premises of the defects in their construction and/or insulation of the subject premises; and/or

    i. Failed to properly direct and/or supervise personnel charged with construction of the subject premises.

18. To the extent RCC is found negligent, which RCC expressly denies, any such negligence was passive and in fact the negligence of Anchor, its agents, servants, employees, contractors, officers and/or officials, was active and the direct and immediate cause of the incident alleged in the Complaint and Hamden/Philadelphia's alleged injuries and damages.

19. Anchor, its agents, servants, employees, contractors, officers and/or officials were in control of the circumstances alleged in the Plaintiff's Complaint, i.e., the construction and/or insulation of the subject premises, to the exclusion of RCC.

20. RCC did not know of Anchor's negligence, nor did they have reason to anticipate Anchor's negligence and could have reasonably relied upon Anchor not to be negligent.

21. As a result of Anchor's negligence, being primary or active, which caused Hamden/Philadelphia's alleged injuries and losses, RCC is entitled to indemnification from Anchor for any amounts which it becomes obligated to pay as a result of any judgment which may enter against RCC in this action.

## COUNT TWO – CONRACTUAL INDEMNIFICATION

1-16. RCC repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if the same were set forth fully herein.

17. On December 29, 2017, Anchor entered into a contract with Do-All ("Subcontract") to perform a variety of work with respect to the subject property, specifically including the furnishing of labor, equipment and supervision pertaining to the installation of insulation on the subject project.

18. The Subcontract terms require Anchor to defend and indemnify RCC in the present action.

19. The Subcontract provides, in pertinent part:

…

4.6     INDEMNIFICATION

4.6.1.  To the fullest extent permitted by law, [Anchor] shall defend, indemnify and hold harmless … [RCC] … and agents and employees of any of them ("Indemnities"), from and against any and all bodily injuries, claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from or attributable in any way to any aspect of the performance of … [Anchor's] … [w]ork under this Subcontract, regardless of whether or not such bodily injury, claim, damage, loss or expense is caused in whole or in part by the negligence of any Indemnit[ee] hereunder.  Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Paragraph 4.6.

…

20. Anchor expressly agreed to the terms of the Subcontract during its commercial and business relationship with respect to the subject property, and with Do-All.

21. The Subcontract is binding between the parties.

22. The claims asserted in the Plaintiff's Complaint triggered Anchor's duty to

indemnify and hold RCC harmless.

23. Anchor has not agreed to indemnify and hold RCC harmless to date, pursuant to the above-cited terms and conditions of the Subcontract.

24. Due to Anchor's failure to indemnify and hold RCC harmless from the claims asserted in the Plaintiff's Complaint, Anchor has breached the Subcontract and its indemnity obligations to RCC.

## PRAYER FOR RELIEF

WHEREFORE, Crossclaimant RCC requests the following relief from Anchor Insulation:

A. Money damages, including an award of costs, as may be permitted by statute or otherwise;

B. All amounts as may become due and payable against RCC in the Complaint;

C. Pre-judgment and post-judgment interest as permitted by law;

D. Defense costs incurred to date and continuing to accrue in defense of this matter;

E. An order compelling Anchor to assume the defense and indemnification of RCC; and

F. Such other and further relief as deemed just and equitable by the Court at law and in equity.

        THE DEFENDANT,
RESETARITS CONSTRUCTION
CORPORATION

  /s/ CT 30406
Liza M. Fletcher, Esq.
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(203) 315-7000 p
(203) 315-7007 f
lfletcher@mwllc.us

**CERTIFICATE OF SERVICE**

     I hereby certify that on **June 24, 2021**, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                            /s/ CT 30406
                            Liza M. Fletcher