UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>  *Plaintiff*,<br><br>v.<br><br>RESETARITS CONSTRUCTION CORPORATION, BIRTHMARK FIRE PROTECTION, LLC, DO-ALL DRYWALL OPERATIONS, INC.<br>  *Defendants*. | Civil No. 3:20cv1547 (JBA)<br><br>August 3, 2022 |

**ORDER DENYING CROSS DEFENDANT BIRTHMARK FIRE PROTECTION, LLC'S MOTION TO DISMISS**

Plaintiff Philadelphia Indemnity Insurance Company, a subrogee of Hamden Specialty Housing, LLC ("Hamden Specialty Housing") brings this action against Defendants Resetarits Construction Company ("Resetartis"); Birthmark Fire Protection, LLC ("Birthmark"); Do-All Drywall Operations, Inc. ("Do-All"); and Anchor Insulation Company, Inc. ("Anchor"), alleging negligence and breach of implied warranties. (Am. Compl. [Doc. # 56] at 4-11.) Defendant Resetarits has asserted crossclaims against Birthmark, Do-All, and Anchor, seeking common law indemnification and contractual indemnification [Docs. ## 58-60]. Cross Defendant Birthmark has moved to dismiss Cross Claimant Resetarits's claims for failure to state a claim upon which relief can be granted, arguing that Resetarits cannot meet the standard for indemnification. (Def. Birthmark's Mem. of L. in Supp. of Mot. to Dismiss ("Birthmark's Mem.") [Doc. # 99-1] at 1.) Resetarits opposes. (Obj. to Birthmark's Mot. to Dismiss ("Resetarits's Obj.") [Doc. # 101].) For the reasons that follow, Birthmark's motion [Doc. # 99] is DENIED.

### I.   Facts Alleged

Philadelphia Indemnity provided insurance to Hamden Specialty Housing for a property located at 417 Hamden Street in Hamden, Connecticut. (Amen. Compl. ¶ 2.) To build on the property, Hamden Specialty Housing engaged Resetarits as a general contractor. (*Id.* ¶ 5.) Hamden Specialty Housing or Resetarits then engaged Birthmark to install a sprinkler system and Do-All Drywall to install insulation around the sprinkler system. (*Id.* ¶¶ 7,9, 14-15.) On March 29, 2020, one of the sprinkler pipes cracked, causing "extensive and severe" water damage to the property. (*Id.* ¶¶16-17.) Philadelphia Indemnity alleges that the damages its insured sustained were the "direct and proximate result of" Defendants' negligence because they, *inter alia*, failed to "exercise reasonable care in the performance of duties in the design, construction and/or insulation of the areas around the sprinkler system at the subject property" and failed to "adequately instruct, supervise and/or train servants, employees and agents." (*Id.* ¶¶ 21, 30.)

Resetarits asserts in its Cross Complaint that if it is found negligent, it is entitled to indemnification from Birthmark because Birthmark failed to properly design, construct, install, and insulate the sprinkler system. (Cross Compl. [Doc. # 59] ¶ 17.) Resetarits alleges that Birthmark's failures were the "direct and immediate" cause of Philadelphia Indemnity's injury, while Resetarits's negligence was "passive." (*Id.* ¶ 18.) It further contends that Resetarits had no knowledge of Birthmark's negligence, and that by constructing and installing the sprinkler pipe, Birthmark had exclusive control over the accident. (*Id.* ¶¶ 19-20.)

**II.    Legal Standard[1]**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must be interpreted liberally, all allegations must be accepted as true, and all inferences must be made in the plaintiff's favor. *Heller v. Consol. Rail Corp.*, 331 F. App'x. 766, 767 (2d Cir. 2009) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). A complaint that only "offers 'labels and conclusions'" or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Rather, a complaint must plead factual allegations that "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must be "plausible on its face," *id*. at 570.

**III.   Discussion**

   **A.  Common Law Indemnification**

Resetarits claims common law indemnification in Count One of its Cross Complaint. (Cross Compl. at 5.) Birthmark argues that Count One should be dismissed because Resetarits cannot plead facts to support the second and third elements of common law indemnification—passive negligence and exclusive control—in light the underlying allegations against Resetarits in Philadelphia Indemnity's Amended Complaint. (Birthmark's Mem. at 8-10.)

---

[1] Birthmark relies upon the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court, however, evaluates the Amended Complaint and Cross-Complaint "under the 'plausibility' standard set by the standard set by the Supreme Court [in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] to replace the 'no set of facts' test." *Bilyard v. Am. Banker Ins. Co. of Fl.* No. 3:20cv1059 (JBA), 2021 WL 4291173, at *1 n.1 (D. Conn. Sept. 21, 2021).

"It is well established under Connecticut law that there is no contribution among joint tortfeasors." *Cimino v. Yale*, 638 F. Supp. 952, 957 (D. Conn. 1986). "'Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong,' the Connecticut Supreme Court has recognized indemnification as a means of 'shift[ing] the impact of liability from passive joint tortfeasors to active ones.'" *Phila. Indem. Ins. Co. v. Enterprise Builders, Inc*. 520 F.3d 156 (D. Conn. 2021) (quoting *Pellecchia v. Conn. Light & Power Co.*, 147 Conn. App. 650, 655-56 (App. Ct. 2014)). Thus, an individual must allege four elements to recover under a common law theory of indemnification:

> (1) that the other tortfeasor was negligent; (2) that [the other tortfeasor's] negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.

*Pellecchia*, 147 Conn. App. at 656 (quoting *Kyrtatas v. Stop & Shop, Inc.,* 205 Conn. 694, 698 (1988)).

### 1. Passive Negligence

Birthmark asserts that if Resetarits were to be held liable on any one of the allegations in Philadelphia Indemnity's Amended Complaint, then Resetarits would be considered the "direct and immediate cause" of the cracked pipe, and Resetarits's crossclaim for common law indemnity claim would fail. (Birthmark's Mem. at 8-9.) Resetarits disagrees, contending that several of the allegations against it—including its failure supervise its employees— amount to nothing more than "passive negligence."

"Primary, active negligence is the 'direct, immediate cause of the accident and the resulting injuries,'" while passive negligence is "limited to constructive or technical fault, as

4

where an owner of property is held liable for an injury on his property resulting from a dangerous condition caused by another working on his property." *O & G Indus., Inc. v. Aon Risk Services Northeast, Inc.*, No. 3:12–CV–723 (JCH), 2013 WL 4737342, at *5 (D. Conn Aug. 30, 2013) (quoting *In re General Dynamics Asbestos Cases,* 602 F. Supp. 497, 501 (D. Conn. 1984)). To allege the second element of an indemnification claim, a potential indemnitee must allege that the indemnitor was actively negligent and the indemnitee was merely passively negligent. *See O & G Indus., Inc.*, 2013 WL 4737342, at *5. Passive negligence "encompasses parties who were allegedly negligent in their management or supervision of others and thus financially responsible for the active negligence of the others." *Bristol v. Dickau Bus Co.*, 63 Conn. App. 770, 774 (App. Ct. 2001).

Read together, the allegations in the Amended Complaint and Cross-Complaint raise a plausible claim that Birthmark was actively negligent and Resetarits was only passively negligent. *See Cimino*, 638 F. Supp. at 958 (concluding that a crossclaim for indemnification "must be construed against the backdrop of the [plaintiff's] complaint, for it is only if the plaintiff[] prevails against [the potential indemnitee] that they would have any basis to seek indemnity against [the potential indemnitor].) Resetarits alleges in its Cross Complaint that Birthmark improperly designed, constructed, installed, and insulated the faulty sprinkler system. (Cross Compl. ¶17(a)-(b), (d)-(e).) Meanwhile, in the Amended Complaint, Philadelphia Indemnity alleges that Resetarits failed to "adequately instruct, supervise and/or train [its] servants, employees and agents." (Am. Compl. ¶21(b)). These allegations could support a finding that Birthmark's improper design and installation of the sprinkler system was the "direct, immediate cause" of the cracked sprinkler pipe, *O & G Indus., Inc.*, 2013 WL 4737342, at *5, while Resetarits's inadequate supervision was mere passive negligence, *see Bristol*, 63 Conn. App. at 774. Because these allegations are sufficient to state

the second element of an indemnification claim, the Court will not grant Birthmark's motion on the ground that Resetarits cannot be found passively negligent.

### 2. Exclusive Control

Birthmark also asserts that, "[c]onsidering the allegations against Resetarits in the Complaint," Birthmark cannot be found to be in exclusive control over the condition giving rise to the accident. (Birthmark's Mem. at 8.) In opposition, Resetarits argues that the Amended Complaint could expose it to "liability as the general contractor," while plausibly alleging that "Birthmark had control over the sprinkler system's design and placement to the exclusion of Resetarits." (Resetartis's Obj. at 6.)

"The Connecticut Supreme Court has defined exclusive control over the situation as exclusive control over the dangerous condition that gives rise to the accident." *See United Illuminating Co. v. Whiting-Turner Contracting Co.*, No. 3:18-CV-00327-WWE, 2019 WL 4213523, at *3 (D. Conn. Sept. 5, 2019). The issue of exclusive control is generally "a question of fact." *Skuzinski v. Bouchard Fuels, Inc.*, 240 Conn. 694, 704 (1997). A defendant charged with negligent supervision, however, does not typically have "exclusive control" over the dangerous condition. *United Illuminating Co.*, 2019 WL 4213523 at *3 (dismissing a common law indemnification claim brought by a subcontractor against an entity which oversaw its work and concluding that the "allegations that [the entity] oversaw, inspected, and approved of [the subcontractor's] paving work does not mean that [the entity] had control over the dangerous condition to the exclusion of [the subcontractor]"); *Enterprise Builders, Inc.*, 520 F. Supp. 3d at 166 (granting a general contractor's motion to dismiss a third-party claim for indemnification brought against it by a subcontractor because, based on the underlying allegations, the general contractor who oversaw the subcontractor's work could not be found to be in "exclusive control" of a faulty sprinkler line); *Michael Horton Assocs., Inc. v. Calabrese & Kuncas, P.C.*, No. NNHCV106011979, 2012 WL 1089964, at *4 (Conn. Super. Ct. Mar. 8,

2012) (granting a motion to strike an indemnification claim and concluding that "a structural engineering firm (the defendants) that *reviews* structural plans cannot be said to have exercised a greater degree of control over those plans and their later use in a construction project than the structural engineering firm (the plaintiff) that actually *prepared* the plans").

The Amended Complaint belies Birthmark's claim that Resetarits will necessarily be found in "exclusive control" of the sprinkler pipe. While Resetarits may be found negligent in the supervision of its employees or agents, (*see* Am. Compl ¶ 21(b)), Birthmark may be found negligent in its design, construction, and insulation of the sprinkler system, (*see* Am. Compl. ¶ 30(a)). If so, it is plausible that Birthmark was in "exclusive control" over the sprinkler pipe to the exclusion of Resetarits, who merely oversaw Birthmark's work. *See Enterprise Builders, Inc.*, 520 F. Supp. 3d at 166 ("[I]f if the Plaintiff succeeds in establishing [subcontractor's] negligence in the design, installation, or maintenance of the sprinkler system, as alleged in the complaint, it is wholly implausible that [general contractor] could be deemed to have been in control of the sprinkler line to the exclusion of [the subcontractor] merely by overseeing [the subcontractor's] work."). For the foregoing reasons, the Court denies Birthmark's motion to dismiss Count One.

### B. Contractual Indemnification

In Count Two, Resetarits asserts a contractual indemnification claim against Birthmark. (Cross Compl. at 7-8.) Resetarits and Birthmark's subcontract provides that Birthmark "shall defend, indemnify and hold harmless" Resetarits from any claims brought against it for damages "arising out of or resulting from performance of the Work, or from any acts or omissions on the part of [Birthmark], its employees, agents, or representatives." (*Id.* ¶¶17-18.)

Birthmark asserts that Resetarits's *contractual* indemnification claim fails because it does not adequately plead the second and third elements of *common law* indemnification.

7

(Birthmark's Mem. at 10.) It provides no authority for the proposition that a contractual indemnification claim must meet the elements of common law indemnification, (*see id.*), and conceded at oral argument that "no authority" supports its position. In fact, the Connecticut Supreme Court has expressly noted that the elements for common law indemnification apply to an indemnification action "not based on statute or express contract." *See Kyrtatas*, 205 Conn. at 698. In support of its motion, Birthmark simply repeats its arguments as to passive negligence and exclusive control that the Court has already rejected. (*See* Birthmark's Mem. at 10); *see supra* pp. 4-7. Accordingly, the Court denies Birthmark's motion as to Count Two.

### IV.  Conclusion

For the foregoing reasons, Birthmark's Motion to Dismiss [Doc. # 99] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of August 2022.